UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHARLES BROWN, | CASE NO. 1:06 CV 486 |
| Plaintiff, | JUDGE ANN ALDRICH |
| v. | |
| JUDGE MANOS, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

On March 3, 2006, plaintiff pro se Charles Brown filed this in forma pauperis civil rights action against John M. Manos, United States District Judge. Judge Manos presided over a previous lawsuit filed by plaintiff, which was dismissed on February 6, 2006. Brown v. Jackson, et al., N.D. Ohio Case No. 1:05 CV 777. The complaint asserts Judge Manos violated plaintiff's constitutional rights by dismissing the case because he was biased against plaintiff based on plaintiff's race, African American. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

It is well established that judges are absolutely immune from liability for actions taken within the scope of their official duties.  Pierson v. Ray, 387 U.S. 547 (1967).  This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978).  There are simply no facts alleged which might suggest Judge Manos acted outside the scope of his official duties.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision would be frivolous and could not be taken in good faith.

IT IS SO ORDERED.

    s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

---

[1]  A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).